## I. L. DEMERANY v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 9, 1911.

Nos. 16,644—(46).

**Complaint — action for wilful negligence.**
> Complaint in a personal injury case *held* to state a cause of action for wilful negligence.

Action in the district court for Pipestone county to recover $10,230 for personal injuries. From an order, P. E. Brown, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*J. D. Armstrong* and *C. H. Winsor,* for appellant.
*Janes & Janes,* for respondent.

BUNN, J.

The complaint states the following facts: Plaintiff was manager of an elevator company, which owned an elevator situated adjacent to a switch track of defendant in the town of Ihlen, Pipestone county. He ordered from defendant's agent a box car to be set opposite the elevator. An engine with box cars attached ran in on the switch track for the purpose of "spotting" the car ordered by plaintiff opposite the chute of the elevator. While the cars were moving, and when they were opposite the elevator, plaintiff, with the knowledge of the brakeman and the other members of the train crew, and with-

[1]Reported in 131 N. W. 634.

out objection, climbed to the top of the train for the purpose of assisting in stopping one of the cars opposite the elevator. Plaintiff stood on top of a car about three feet from the end. The brakemen were standing on the same car, a few feet away. The engine and cars were backing at a rate of about eight miles per hour toward a train standing on the main line. While running at this speed, the brakemen left the top of the car where plaintiff was, and immediately thereafter the cars in the rear of that on which plaintiff stood were uncoupled, and the brakes on the cars still coupled to the engine and the brakes on the engine were set, and the engine reversed, causing the cars to suddenly stop, and the cars that had been uncoupled to be kicked back, and causing plaintiff to be thrown to the ground and injured. It is alleged that the movements of the car and engine were under control of the brakemen, that plaintiff was ignorant of the intention to stop the car on which he was standing, that the brakemen knew of his position on the car at the time, and knew that he was ignorant of their intention to stop, but nevertheless wilfully, negligently, and with a reckless disregard of plaintiff's safety, failed to give plaintiff any signal or warning of their intention. Plaintiff demanded damages for the injuries received. To this complaint defendant interposed a general demurrer, which was overruled, and defendant appealed.

The sole question involved is whether the allegations of the complaint, fairly construed, make out a case of wilful negligence. Plaintiff was a trespasser, and the duty owed him by defendant, if it had notice of his presence and that he was in a position of danger, was to use reasonable care to avoid injuring him. The allegations that the acts of defendant's servants were wilful and in reckless disregard of plaintiff's safety add nothing to the facts. But the complaint plainly states that the brakemen who had control of the movements of the engine and cars knew his position, and knew that he was ignorant of their intention to stop the cars. The complaint alleges a sudden stop when running at eight miles per hour, and we are not justified in saying that it was not negligence to fail to notify or warn plaintiff. The facts pleaded make out a case of the failure

114 M.—32.

to exercise ordinary care after discovering plaintiff in a position of peril. This constitutes in law wilful or wanton negligence.

Order affirmed.